UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SEAN McKEEVER,

        Plaintiff,                      Case No. 1:07-cv-632

v.                                              Honorable Paul L. Maloney

DAVE ANDERSON et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff is currently incarcerated at Florence Crane Correctional Facility, but the events underlying his claims occurred at Kent County Correctional Facility (KCCF). Plaintiff sues KCCF Sergeant Dave Anderson, Sheriff Lawrence Stelma and KCCF.[1] Plaintiff was granted leave to amend his complaint. Therefore, this report and recommendation addresses the claims raised in the amended complaint.

Plaintiff alleges that on February 2, 2007, he was assaulted by another inmate, Alvin Kirkland, at KCCF. (Compl. at 2, docket #1; Am. Compl. at 2-3, docket #8.)[2] Plaintiff alleges that he was physically attacked by the other inmate and was ultimately "knocked unconscious" by the other inmate. (Am. Compl. at 3.) Approximately thirty-five minutes after this altercation occurred, Defendant Anderson found Plaintiff on the floor of his cell. (*Id.*) Plaintiff alleges that Defendant Anderson waited "10 or more minutes before contacting the medical staff" and that he was therefore denied timely medical care. (*Id.*)

Plaintiff states in his amended complaint that during December 2006, he had "made a number of complaints regarding threats of assault being made against him within his cell housing unit" and that all the complaints were rejected, including a kite request to be moved for his personal

---

[1] Plaintiff sued inmate Alvin Kirkland in his original complaint, but removed him as a Defendant in his amended complaint.

[2] The Court will use the page numbers assigned by CM/ECF because Plaintiff has not assigned page numbers to his original complaint.

safety.³ (*Id.*) Plaintiff further alleges that he attempted to file a grievance after the assault, but was precluded from doing so by the KCCF staff. (*Id.*)

Plaintiff alleges that is the "policy, practice and custom" of KCCF, as enforced by Defendants Anderson and Stelma, to fail to protect inmates from assault by other inmates and fail to provide timely medical care. (*Id.* at 4.)

Plaintiff requests damages awarded against all Defendants, jointly and severally, in the amount of $5,000,000.00 for compensatory damages and $5,000,000.00 for punitive damages.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

   **A.   Failure to Protect**

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against

---

³Plaintiff does not identify the person to whom he made his complaints, other than the jail psychiatrist, who is not named as a Defendant in this action.

prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that plaintiff faced serious harm from other prisoners. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street*, 102 F.3d at 814; *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

An Eighth Amendment claim comprises objective and subjective components:  (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834; *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).  A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837.

Plaintiff alleges that there was or should have been an officer, Defendant "John Doe," on duty during the altercation with inmate Kirkland and "was not paying attention or just didn't care." (Compl. at 6.)  This may allege a state law claim of negligence, but it fails to allege that Defendant Doe, if any such official even existed, was deliberately indifferent.  The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Farmer*, 511

U.S. at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839. Plaintiff fails to state a claim that Defendant "John Doe" knew of the risk and deliberately did nothing.

Plaintiff also sues Defendant Anderson. According to Plaintiff's amended complaint, Defendant Anderson found Plaintiff thirty-five minutes after Plaintiff's altercation with Defendant Kirkland. Plaintiff alleges that Defendant Anderson waited ten minutes before taking him for medical care when it became apparent that Plaintiff was hurt. (Compl. at 6; Am. Compl. at 3.) Plaintiff makes no allegations of deliberate indifference against Defendant Anderson. Therefore, I recommend that the claims against him be dismissed.

B.      **Medical Treatment**

To the extent Plaintiff alleges an Eighth Amendment claim for medical treatment, he fails to identify or name a particular defendant who allegedly deprived him of his rights.  Plaintiff makes vague allegations of medical malpractice, a state law claim, against KCCF's medical facility. ( Compl. at 6-8; Am. Compl. at 3-4.)  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction.  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998).  This claim should be dismissed without prejudice.

C.      **Defendants Kent County Correctional Facility and Sheriff Stelma**

Plaintiff sues the Kent County Jail/Correctional Facility.  The jail is a building, not an entity capable of being sued in its own right.  Plaintiff also sues the Kent County Sheriff and the Sheriff's department.  The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county.  *Vine v. County of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (1970)).  Accordingly, the Court will dismiss KCCF and the Kent County Sheriff's Department.

Construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Kent County.  Kent County is liable under

§ 1983 only when its policy or custom causes the injury. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). In a municipal liability claim, a court must first find the existence of a policy or custom. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Claiborne County*, 103 F.3d at 508-09.

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and, thus, the sheriff "establishes the policies and customs described in *Monell*.") Thus, the court looks to the allegations in Plaintiff's complaint to determine whether Plaintiff has alleged that the sheriff has established a policy or custom which caused Plaintiff to be deprived of a constitutional right.

Plaintiff's only allegation which pertains to a custom or policy is his allegation that:

> [Defendants] had failed [sic] to investigate plaintiff's complaint regarding threats of assault and failed to protect pretrial detainee from harm and failed to provide timely medical care.
>
> This is the policy, practice and custom of the Kent County Jail/Correctional Facility, that this is inforced [sic] by Officer Anderson, and all other staff members, that are handed down by the Kent County Sheriff, Lawerence Stelm

>  [sic].  The Sheriff, has a legal and morally responsibility [sic] to protect pretrial detainees, such plaintiff herein is to be free from punishment.

(Am. Compl. at 3-4.)

Plaintiff's action fails at the first step because his allegations have not identified the deprivation of a constitutional right.  Plaintiff has not alleged that either the attack or the resulting medical deprivation was the result of deliberate indifference.  No liability arises "if those identified unconstitutional policies, practices, and/or procedures did not actually cause the deprivation of any constitutional right possessed by the plaintiffs."  *Ross v. Duggan*, 402 F.3d 575, 589 (6th Cir. 2004) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).  Plaintiff cannot show that he has suffered a deprivation of his constitutional rights and therefore cannot show that any policy or custom proximately caused that deprivation.  Therefore, I recommend the claims against Kent County Correctional Facility and Sheriff Lawerence Stelma be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   November 9, 2007          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).