UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MCKEEVER,
         Plaintiff,

                                          Case No. 1:07-cv-632

-v-

                                          HONORABLE PAUL L. MALONEY
                                          HONORABLE JOSEPH G. SCOVILLE

DAVE ANDERSON, et al.,
         Defendants.

## ORDER REJECTING IN PART AND ACCEPTING IN PART OVER OBJECTIONS THE REPORT AND RECOMMENDATION

This Court has before it a Report and Recommendation (Dkt. No. 14) and Plaintiff McKeever's objections (Dkt. No. 15).

Plaintiff McKeever is an inmate under the control of the Michigan Department of Corrections (MDOC). At the time of the incidents giving rise to his complaint, Plaintiff was a pretrial detainee housed at the Kent County Correctional Facility (KCCF). Plaintiff filed a complaint (Dkt. No. 1) on July 2, 2007. The complaint was referred to Magistrate Judge Joseph G. Scoville. Plaintiff filed an amended complaint (Dkt. No. 8) on October 15, 2007. Magistrate Judge Scoville issued this Report and Recommendation (R&R) in which he recommends dismissing the amended complaint for failing to state a claim. Plaintiff objects.

I. STANDARD OF REVIEW

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed.

28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

This Court conducted a de novo review. Having read the file, including the report, recommendations and relevant authority, the Report and Recommendation is accepted in part and rejected in part.

## II. PLAINTIFF'S OBJECTIONS AND ANALYSIS

First, Plaintiff objects to the timing of the R&R. (Objection at 7). Plaintiff argues a motion to dismiss must ordinarily be filed before a responsive pleading is filed and the Defendants already filed an answer and affirmative defenses to the amended complaint. Plaintiff argues he already served Defendants with a request for discovery. Plaintiff reasons dismissal prior to discovery would not be proper.

Plaintiff's first argument is not a reason to reject the R&R. Defendants did not file a 12(b)(6) motion. The Prison Litigation Reform Act (PLRA) requires a court to dismiss the action "at any

time" if the court determines the action fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, the PLRA requires the court to review civil actions filed by prisoners seeking redress from a government entity or employee of a government entity and dismiss those complaints that fail to state a claim. 28 U.S.C. § 1915A.

Second, Plaintiff objects on the basis that the Magistrate Judge analyzed his complaint under the Eighth Amendment rather than the Fourteenth Amendment. (Objection at 8). Plaintiff argues the Eighth Amendment analysis applies only to convicted prisoners while the Fourteenth Amendment protects pre-trial detainees.

Plaintiff's second argument is not a reason to reject the R&R. Plaintiff is correct that the Fourteenth Amendment protects pretrial detainees. *See Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Although pretrial detainees are not protected by the Eighth Amendment, "the Eighth Amendment rights of prisoners are analogised to those of detainees under the Fourteenth Amendment, to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial." *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). *See also Miller v. Calhoun County,* 408 F.3d 803, 812 (6th Cir. 2005) (noting the Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees the same Eighth Amendment protections as convicted inmates); *Thompson*, 29 F.3d at 242 (holding detainees are entitled to the same Eighth Amendment rights as prisoners); *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) ("A pretrial detainee's constitutional rights under the eighth and fourteenth amendments are denied by deliberate indifference to his serious medical needs just as indifference denies the corresponding rights of a convicted prisoner"). Thus, through the Fourteenth Amendment, pretrial detainees are entitled to the same Eighth Amendment

protections as convicted prisoners. *Daniels v. Woodside*, 396 F.3d 730, 735 (6th Cir. 2005). The Magistrate Judge did not err when he analyzed Plaintiff's claims under the Eighth Amendment.

Plaintiff next objects to the Magistrate Judge's recommendations regarding the claims against specific Defendants.

    1. Defendant John Doe. The Magistrate Judge finds that Plaintiff fails to state a claim against the John Doe Officer named in the initial complaint. (R&R at 4-5). Plaintiff does not include any specific objection to that recommendation. This Court **ACCEPTS** the R&R with regard to Defendant John Doe. Officer John Doe is dismissed as a defendant.

    2. Defendant Anderson. Plaintiff objects to the conclusion that his complaint fails to state a claim against Defendant Anderson. (Objection at 10). Plaintiff's complaint alleges he was unconscious for more than 30 minutes before Defendant Anderson discovered him and that Defendant Anderson "waited 10 or more minutes before contacting medical staff." (Amended Complaint at 3). Plaintiff has not alleged Defendant Anderson had any knowledge of the complaints Plaintiff filed regarding the threats other inmates were making. The Magistrate Judge found the complaint failed to state a claim for deliberate indifference for failing to protect. (R&R at 3-5). Plaintiff argues, in his objection, Defendant Anderson did not rush to get medical care when he knew or should have known that Plaintiff was hurt. (Objection at 10). Plaintiff later argues Defendant Anderson failed to protect him from the assault. (Objection at 11-12).

Plaintiff's objection has merit. The Magistrate Judge addressed the claim against Defendant Anderson only as if it were a claim for failure to protect. Plaintiff's objection suggests his claim against Defendant Anderson includes a claim for deliberate indifference to his medical needs. Accepting the allegations in the complaint as true and construing them in a light most favorable to

the plaintiff, Plaintiff could establish a set of facts which would entitle him to relief on that claim. With regard to Defendant Anderson, the R&R is **ACCEPTED IN PART AND REJECTED IN PART**. Plaintiff may proceed with his claim against Defendant Anderson for deliberate indifference to his medical needs, but not with his claim for failure to protect. Plaintiff's amended complaint and objection fail to allege any facts suggesting Defendant Anderson had knowledge of Plaintiff's complaint to prison staff about threats from other inmates or that Defendant Anderson disregarded those complaints.

      3. Defendant Stelma. Plaintiff objects to the Magistrate Judge's conclusion that the complaint fails to state a claim against Kent County Sheriff Stelma. (Objection at 11-12). The Magistrate Judge reasoned that Plaintiff failed to allege Sheriff Stelma established a policy or custom when resulted in a deprivation of a constitutional right. Specifically, the Magistrate Judge concluded Plaintiff has not alleged that either the attack or the resulting medical deprivation was the result of deliberate indifference. (R&R at 8). Plaintiff argues, in his objection, the number of complaints he wrote to the jail staff and the obviousness of the risk of assault are sufficient to establish deliberate indifference to the risk he faced from other inmates. (Objection at 11).

Plaintiff's objection has merit. Assuming the facts alleged are true and taking them in a light most favorable to Plaintiff, Plaintiff could establish a set of facts which would entitle him to relief on a claim for failure to protect. With regard to Defendant Stelma, the R&R is **ACCEPTED IN PART AND REJECTED IN PART**. Plaintiff may proceed with his claim against Defendant Stelma on his claim for failure to protect. Plaintiff has not alleged any facts which would support a claim against Defendant Stelma for deliberate indifference to his medical needs. Plaintiff has not alleged any policy or custom which directs prison staff to ignore claims for medical attention.

4. Kent County Jail/Correctional Facility. Plaintiff objects to the Magistrate Judge's conclusion that the claims against the Correctional Facility and the Sheriff's Department be dismissed. (Objection at 13-16). The Magistrate Judge reasoned that the Facility was a building and could not be sued and that the Sheriff's Department is not a separate legal entity, but an agent of the county. The Magistrate Judge, reading the pro se complaint liberally, assumed Plaintiff intended to sue Kent County. Plaintiff argues, in his objection, that he can sue local governments under section 1983. (Objection at 13). Plaintiff argues the Jail and the Sheriff's Department have a policy or custom of failing to protect pretrial detainees by ignoring complaints and preventing them from filing administrative grievances. (Objection at 15).

Plaintiff's Objection is without merit. Plaintiff's objection ignores the explanation in the R&R that neither the building nor the department can be sued. Plaintiff's objection, instead, addresses the policy or custom established by Defendant Stelma as the Kent County Sheriff. Plaintiff's argument that the county can be sued is interesting, but irrelevant. Plaintiff has not sued the county. Plaintiff has sued the sheriff who establishes the policy and custom of the jail for the county. Furthermore, Plaintiff's argument that the Sheriff has a policy of preventing prisoners and detainees from filing grievances is not a claim raised in his amended complaint. With regard to Defendant Kent County Correctional Facility, the R&R is **ACCEPTED.** The Kent County Correctional Facility is dismissed as a defendant.

Finally, the Magistrate Judge recommends dismissing, without prejudice, claims in the complaint which may allege denial of medical treatment in violation of state law. (R&R at 6). Plaintiff's initial complaint, liberally read, raises allegations for negligence by the treating physician and for medical malpractice by the medical facility. The amended complaint does not raise either

6

of these state law claims. The R&R explains that those claims are based in state law and that section 1983 cannot be used to redress state law claims. Plaintiff does not object to this recommendation. With regard to Plaintiff's state law claims for medical negligence and medical malpractice, the R&R is **ACCEPTED.** Those claims are dismissed without prejudice.

III. CONCLUSION

The Report and Recommendation (Dkt. No. 14) is **ACCEPTED IN PART AND REJECTED IN PART**. Plaintiff's claims against the Defendant Doe, the unknown guard who should have been on duty when the attack occurred, are DISMISSED. Plaintiff may continue his claim against Defendant Anderson for deliberate indifference to his medical needs. Plaintiff's claim against Defendant Anderson for failure to protect is DISMISSED. Plaintiff may continue his claim against Defendant Stelma for failure to protect. Plaintiff's claim against Defendant Stelma for deliberate indifference to his medical needs is DISMISSED. Plaintiff's claims against the Kent County Jail/Correctional Facility are DISMISSED. Plaintiff's state law claims for medical negligence and for medical malpractice are DISMISSED without prejudice.

Date:   April 7, 2008                                              /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge