UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| SEAN McKEEVER, #601610, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-632 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| DAVE ANDERSON, et al., ) | **DISCOVERY ORDER** |
| ) | |
| Defendants. ) | |
| _____) | |

      This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. The matter is now before the court on defendants' motion for imposition of sanctions against plaintiff under Rule 37 of the Federal Rules of Civil Procedure. (docket # 54). Defendants filed their motion on February 25, 2009. Defendants request "dismissal or other appropriate sanctions" against plaintiff for his failure (1) to provide answers to defendants' interrogatories; and (2) to produce the documents at his November 7, 2008 deposition under a subpoena *duces tecum*. Plaintiff has elected to ignore defendants' motion.

      Dismissal with prejudice is a harsh sanction. The Sixth Circuit has endorsed a progressive approach to discovery sanctions. Generally, a district court should first attempt to secure a party's compliance with discovery obligations through the imposition of lesser sanctions before resorting to the dismissal of claims. *See Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997); *see also Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). Defendants have not specified what, if any, sanction short of dismissal they consider to be appropriate. (Defendants' Motion for Sanctions at 4).

At this juncture, it is unnecessary to decide exactly what sanction short of dismissal with prejudice is appropriate given plaintiff's decision to ignore defendants' February 25, 2009 motion for summary judgment. Plaintiff did not marshal any evidence in support of his claims against defendants. I have entered a report and recommendation recommending that defendants' motion for summary judgment be granted, and that judgment be entered in defendants' favor on all plaintiff's claims. If plaintiff were allowed by the district judge to belatedly submit evidence in conjunction with his objections to the report and recommendation, exclusion of such evidence would likely be an appropriate discovery sanction for his failure to answer interrogatories or produce subpoenaed documents. At this point, however, resort to preclusive sanctions appears unnecessary. Accordingly,

IT IS ORDERED that defendants' motion for imposition of the discovery sanction of dismissal (docket # 54) is DENIED. This denial is WITHOUT PREJUDICE, and defendants remain free to file a new motion for sanctions if plaintiff comes forward with evidence that he should have produced in response to the subpoena *duces tecum* or that the defendants would have discovered through responses to their long-ignored interrogatories.

DONE AND ORDERED this 17th day of June, 2009.

/s/  Joseph G. Scoville
United States Magistrate Judge